[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff, Aetna Casualty Surety, Co., brings this action against the defendant, Guy Rodgers, seeking reimbursement of no-fault benefits allegedly paid on defendant's behalf.
Defendant has filed a motion to dismiss this action on the ground of insufficiency of service of process. Defendant has filed a memorandum of law in support of his motion to CT Page 2453 dismiss and an accompanying affidavit. Plaintiff has failed to file a memorandum of law in opposition to defendant's motion to dismiss.
Practice Book 144 provides, in pertinent part, that "[a]ny claim of . . . insufficiency of service of process is waived if not raised by a motion to dismiss filed in the sequence provided in Secs. 112 and 113 within the time provided by Sec. 142." Pursuant to Practice Book 142, "[a]ny defendant, wishing to contest the court's jurisdiction, . . . must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Thus, any claim of insufficiency of service of process is considered to have been waived if not asserted by way of a motion to dismiss filed with in thirty days of the filing of an appearance. Tianti v. Nine to Five, Inc., 1 Conn. L. Rptr. 646 (May 22, 1990, Barry, J.); Civil Service Commission v. Pekrul, 41 Conn. Sup. 302, 305,571 A.2d 715 (1989, Barnett, J.); Practice Book 142, 144.
In the case at bar, an appearance for the defendant was filed on October 23, 1991. Defendant's motion to dismiss, dated November 26, 1991, was not filed in court until December 6, 1991, more than thirty days after the filing of an appearance.
Because defendant's motion to dismiss was not timely filed, defendant's claim of insufficiency of service of process is considered to have been waived. Accordingly, defendant's motion to dismiss is denied.
SCHALLER, JUDGE